**Anton J. MILLER, Plaintiff-Appellant,**

v.

**The WASHINGTON STATE BAR ASSO-CIATION, Defendant-Appellee.**

**No. 80–3002.**

United States Court of Appeals,
Ninth Circuit.

Oct. 19, 1982.

Anton J. Miller, pro se.

Robert T. Farrell, Seattle, Wash., for defendant-appellee.

SUPPLEMENTAL OPINION

Before SCHROEDER and ALARCON, Circuit Judges, and PRICE,* District Judge.

SCHROEDER, Circuit Judge.

The Washington State Bar asks us to reconsider our opinion in this matter in light of the Supreme Court's decision in *Middlesex County Ethics Committee v. Garden State Bar Association,* —— U.S. ——, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982), which was decided after this court's opinion had been submitted for filing.  We have now carefully reviewed the Supreme Court's opinion in that case and conclude that it and our opinion in this matter are fully in accord.

*Middlesex* involved an attorney who filed suit in federal court immediately after state bar disciplinary proceedings against him commenced and while the proceedings were still pending.  By the time the petition for certiorari was filed, the state supreme court had expressly agreed to review the attorney's constitutional claims.  The Supreme Court held, applying the principles enunciated in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 639 (1971), that the federal courts should abstain from intrud-

* Honorable Edward Dean Price, United States District Judge for the Eastern District of Cali-  fornia, sitting by designation.

ing into an ongoing disciplinary proceeding in which the attorney had an adequate opportunity to seek judicial consideration of his federal claims.

In contrast, when Miller filed his federal action the Bar had completed its proceedings and Miller was and continues to be without any right to obtain review by the Washington Supreme Court. This case thus involves no intrusion into ongoing state proceedings, nor is there an adequate opportunity for state court review. *Younger* abstention is, therefore, not appropriate in this case and, indeed, the State Bar has never previously suggested it.

In its Petition for Rehearing, the Bar also seeks to clarify certain matters discussed in our original opinion. It advises that an attorney who receives a letter of admonition may state in response to inquiries concerning his professional record that he was not found to have committed any actual misconduct. The Bar also advises that rules are now being considered which would require that letters of admonition be destroyed after five years. If such a rule is adopted it will no longer be accurate to state that letters of admonition become a "permanent" part of the attorney's file. We accept these clarifications. The Bar does not dispute that this letter, written by its disciplinary board, and expressing an adverse opinion about Miller's past statements, remains in Miller's file in order to deter him from making similar statements in the future. A justiciable controversy exists.